IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02517-PAB-KMT

ROSS DRESS FOR LESS, INC.,

    Plaintiff,

v.

WALTON FOOTHILLS HOLDINGS VI, L.L.C. and
FOOTHILLS METROPOLITAN DISTRICT,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on the Verified Emergency Motion for *Ex Parte* Temporary Restraining Order [Docket No. 20] filed by plaintiff Ross Dress for Less, Inc. ("Ross"). Ross requests an order temporarily enjoining defendant Walton Foothills Holdings VI, L.L.C. ("Walton") from taking any action that (1) demolishes any portion of the building located at 112 E. Foothills Parkway, Fort Collins, Colorado, 80525 in which Ross operates a retail store (the "Store"), (2) disrupts physical or visual access to the Store, (3) creates safety hazards for Ross's employees and customers; or (4) destroys, diverts, or blocks access to the parking lot that services the Store through use of fencing or other materials.  Docket No. 20 at 12-13.  The Court held a hearing on the motion for a temporary restraining order on September 22, 2014.  Counsel for plaintiff and both defendants appeared at the hearing.  Neither side asked to present anything other than oral argument.  Thus, the Court will decide this motion based on the briefs, attachments to the briefs, and oral argument.  The Court has jurisdiction

pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

In 1997, Ross signed a lease ("lease") for the Store with a term of fifteen years and three additional options to renew for five-year periods. Docket No. 20-1 at 4. The Store is located in a commercial complex that includes a number of other buildings as well as parking spaces (the "shopping center"). *See generally id.* at 36. In relevant part, the lease provides that, "[e]xcept as set forth in Exhibit D [to the lease], [Walton] may not make any material change to the Site Plan without [Ross's] prior written approval, which approval shall not be unreasonably withheld or delayed." *Id.* at 5. Exhibit D, in turn, enumerates four specific buildings that Walton is permitted to tear down and remodel. *Id.* at 39, ¶¶ 1-3, 5.

During the week of September 1, 2014, Walton began construction in the parking area and common areas of the shopping center. Docket No. 20 at 5. Walton allegedly assured Ross that its construction activities would not interfere with Ross's business. Despite the construction activities, the Store still has access to as many as 101 parking spaces, Walton has put up several large signs indicating the Store is open for business during construction, and Walton has, since the filing of the TRO motion, added additional lighting to address plaintiff's safety concerns. Docket No. 27 at 3, 10-11. On September 18, 2014, Walton began demolishing the vacant unit abutting the Store that previously contained an ARC thrift store (the "ARC store"). Docket No. 20 at 5, *see also* Docket No. 27 at 4. By September 21, 2014, demolition of the ARC store was substantially complete. Docket No. 27 at 8. Walton intends to start remodeling

activities on the ARC store site.

Walton indicates that it has no intention to demolish the Store unless and until it has a right to do so through a pending condemnation action, and stipulates to an order prohibiting it from doing so. Docket No. 27 at 6.

## II. ANALYSIS

To justify the issuance of a temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).

### A.  Likelihood of Success on the Merits

For the reasons outlined at the September 22, 2014 hearing, the Court finds that plaintiff is not likely to succeed on the merits with respect to disruption of access to the Store, the creation of safety hazards, and the restriction of parking spaces. The parties agree that Walton has the right to conduct a substantial amount of the construction currently underway at the shopping center. Any construction inherently causes some degree of disruption. Plaintiff has not shown that Walton's construction activity generally is in breach of the lease, and in fact the lease specifically contemplates that Walton is able to perform certain construction without obtaining plaintiff's approval.

Plaintiff has, however, shown a likelihood of success on the merits with respect to demolition and remodeling of the ARC store. The lease provides that, except as

specifically enumerated in Exhibit D, Walton is not permitted to make any "material change" to the Site Plan without Ross's prior written approval. Docket No. 20-1 at 5. Exhibit D contains no mention of the ARC store, id. at 39, and Walton has shown no evidence that plaintiff either provided written approval or unreasonably withheld or delayed its written approval before Walton began demolishing the ARC store.

The Court finds that demolition and remodeling of the ARC store is a material change to the Site Plan. Thus, plaintiff is likely to succeed on its claim that Walton breached the lease when it demolished the ARC store and will breach the lease through any remodeling or building activities on the ARC store site.

### B. Irreparable Harm

With respect to the ARC store site, plaintiff has demonstrated that it will be irreparably harmed in the absence of a temporary restraining order. Walton argues that any harm to plaintiff would be compensable through money damages. Docket No. 27 at 5-7. However, at the hearing, Walton was unable to explain how any economic damages model could differentiate between the harm caused by the demolition and remodeling of the ARC store and the harm caused by other construction activities allowed under the lease. The Court finds that where, as here, two different activities are occurring simultaneously, either of which could result in lost profits to plaintiff, it will be difficult if not impossible for plaintiff to prove a precise measure of damages attributable solely to the demolition and remodeling of the ARC store.

### C. Balance of Equities and Public Interest

Considering the broad relief that plaintiff sought at the hearing, the Court finds

the third and fourth TRO factors do not weigh in favor of either party. A temporary restraining order will disrupt a large ongoing development project, but the absence of an injunction will result in a disruption of Ross's business. Neither side has demonstrated a substantial public interest that weighs heavily in favor or against injunctive relief. However, when considering the narrow issue of an injunction concerning the ARC site, the Court finds that Ross has shown that the equities tip in its favor given Walton's failure to show that it has a right under the lease to demolish or remodel the ARC store site and that it is in the public interest for Ross to be able to operate its business without the disruption that will likely result from any remodeling activities at that site.

### III. CONCLUSION

For the foregoing reasons, and pursuant to Fed. R. Civ. P. 65(b), it is

**ORDERED** that the portion of plaintiff's Verified Emergency Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction [Docket No. 20] seeking a temporary restraining order is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that defendant Walton Foothills Holdings VI, L.L.C. and its officers, agents, servants, and employees are enjoined from conducting any demolition of the building located at 112 E. Foothills Parkway, Fort Collins, Colorado, 80525 in which Ross operates its retail store. It is further

**ORDERED** that defendant Walton Foothills Holdings VI, L.L.C. and its officers, agents, servants, and employees are enjoined from conducting any remodeling of the former ARC store site. It is further

**ORDERED** that defendant Walton Foothills Holdings VI, L.L.C. and its officers,

agents, servants, and employees will be permitted to perform any cleanup work on the already-demolished portion of the former ARC store site that is necessary to remove any potential safety hazards and to secure the site from damage during the pendency of the injunction.  It is further

    **ORDERED** that, pursuant to Fed. R. Civ. P. 65(b)(2), unless otherwise ordered, this order shall expire on October 8, 2014 at 12:00 p.m.  It is further

    **ORDERED** that, pursuant to Fed. R. Civ. P. 65(c), plaintiff shall post a bond in the amount of $100,000 into the court registry as security no later than September 25, 2014.  This temporary restraining order shall not be effective unless and until this security is deposited with the Clerk of the Court.  It is further

    **ORDERED** that the portion of plaintiff's Verified Emergency Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction [Docket No. 20] seeking a temporary restraining order is otherwise **DENIED**.  It is further

    **ORDERED** that the portion of plaintiff's Verified Emergency Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction [Docket No. 20] seeking a preliminary injunction is set for hearing on October 8, 2014 at 8:30 a.m.  Counsel shall exchange witness lists and exhibits no later than October 1, 2014.  Any additional briefs shall be filed no later than 12:00 p.m. on October 6, 2014, and are not to exceed 10 pages.

DATED September 23, 2014.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge